FILED

IN THE UNITED STATES DISTRICT COURT 2015 DEC 28  PM 1: 19
OF THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION          CLERK US DISTRICT COURT
                               MIDDLE DISTRICT OF FLORIDA
                               JACKSONVILLE FLORIDA

LAVERANUES COLES, an Individual ,and
TROUBLE LIVIN LIFE LLC, a Florida
Limited Liability Company,

      Plaintiffs,

                                       Case No. 3:15cv1521-J-34PDB

vs.

CITY OF JACKSONVILLE, a Florida
Municipal corporation,

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE AND
## OTHER RELIEF AND DEMAND FOR JURY TRIAL

    Plaintiffs, LAVERANUES COLES and TROUBLE LIVIN LIFE LLC, by and

through their undersigned counsel , bring this Complaint against Defendant, the CITY

OF JACKSONVILLE, pursuant to 42 U.S.C. § 1983, seeking the entry of an Order

temporarily and permanently enjoining the City of Jacksonville from refusing to

approve Plaintiff's zoning applications and issuing a certificate of use and for damages

resulting from the unlawful delay and denial of the same based upon discriminatory

intent in violation of Plaintiffs' Constitutional rights.

## NATURE OF THE CASE

    This case is brought pursuant to 42 U.S.C. § 1983, seeking redress for

Defendant's improper denial of the application of a grandfather clause under the

Jacksonville Municipal Code and denial of subsequent zoning applications.  Plaintiffs were entitled to the application of a grandfather exception under Section 656.110(h) of the Jacksonville Municipal Code for their intended use of the property in question as a dance entertainment establishment.   Defendant declined to recognize and apply this grandfather exception in Plaintiffs' case, denying them the use of the property as intended.

Plaintiffs subsequently filed the necessary zoning applications to be permitted such use on the property, but those were also denied.  The failure to observe and apply the grandfather clause and the subsequent denials of the zoning applications were without proper basis and were discriminatory, based on Defendant's disapproval of the speech and expressive conduct intended to be performed on the premises. This denial, therefore, was also in derogation of Plaintiffs' First Amendment rights.

## JURISDICTION

1.      This suit is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress [.]

42 U.S.C. §1983

2.      This Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, under 28U.S.C. §1343(3) to redress the deprivation under color of state law of any right,

privilege or immunity secured by the Constitution, and under 28 U.S.C. §1343(4) to secure equitable or other relief for the protection of civil rights.

3.      This Court has the authority to issue permanent injunctions pursuant to Federal Rule of Civil Procedure 65.

4.      The Court may enter an award of attorney's fees pursuant to 42 U.S.C.§1988.

5.      This Complaint seeks injunctive relief to cease Defendant's violations of the Plaintiffs' rights, privileges and immunities under the Constitution of the United States and Title 42 U.S.C. §§ 1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First and Fourteenth Amendments to the Constitution. The Complaint further seeks monetary compensation for the expenses incurred by Plaintiffs in attempting to exercise their rights and damages stemming from the actions of Defendant in denying the same.

6.      This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the policies of the Defendant and Defendant's application of those policies to Plaintiffs. There are substantial *bona fide* doubts, disputes, and questions that must be resolved concerning the Defendant's actions that were taken under the

color and authority of "state" law and procedures, in violation of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.

## VENUE

7.      Venue is proper in the Middle District of Florida, Jacksonville Division, because the policies and actions complained of are those of the City of Jacksonville, Florida, which is within the district and geographical area assigned to the Jacksonville Division.

## PARTIES

8.      Plaintiff, LAVERANUES COLES, is an individual residing in the State of Florida and is the owner/manager of TROUBLE LIVIN LIFE, LLC. Plaintiff COLES is a person beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters stated herein.

9.      Plaintiff, TROUBLE LIVIN LIFE, LLC, is a Florida limited liability company that seeks to operate a restaurant and what is defined as a "dancing entertainment establishment" at the property located at 5800 Philips Highway, Jacksonville, Florida. Plaintiff TROUBLE LIVIN LIFE, LLC is an entity beneficially interested in the relief herein sought and seeks to invoke the original jurisdiction of this Court on account of the facts and matters stated herein.

10.     Defendant, the CITY OF JACKSONVILLE (the "City"), is a Florida consolidated municipal organization, organized and operating under the laws of the State of Florida.

## FACTS

11.    In 2013, Plaintiffs entered into a lease agreement with HI LLC, the owners of the property located at 5800 Philips Highway, Jacksonville, Florida, with the intention of operating a restaurant and dance entertainment establishment at that location.

12.    Until recently, prior to the entry into the lease by the Parties, the property was used for a dancing entertainment establishment and the on-premises consumption of alcohol since 1967.

13.    Plaintiffs' intended use for the property as a dancing entertainment establishment would feature non-nude entertainment by dancers performing choreographed routines to music and would additionally sell and serve both food and alcoholic beverages to customers. This use is consistent with the historical use of the property.

14.    The property at 5800 Philips Highway is zoned Commercial Community/General-2 (CCG-2) and is regulated under Section 656.313 of the Jacksonville Municipal Code, which includes as a permitted use of the property for "[a] restaurant which includes the retail sale and service of all alcoholic beverages including liquor, beer or wine for on-premises consumption." *See* Jacksonville Mun. Code §656.313(A)(V)(a)(26).

15.    The use of the property at 5800 Philips Highway as a dance entertainment establishment that also serves alcohol is permitted by exception under Section 656.313(A)(V)(c)(11). *See* Jacksonville Mun. Code §656.313(A)(V)(c)(11).

16.     The dance performances that will be featured at Plaintiffs' dancing entertainment establishment are a form of non-obscene, constitutionally protected expression that is presumptively protected by the First Amendment to the United States Constitution.

17.     The dance performances will be performed before a consensual audience, all over the age of 18 years, who are desirous of receiving and enjoying the message conveyed by the entertainers of normal human sexual interest and sensuality.

18.     All of these dance performances at Plaintiffs' anticipated dance entertainment establishment will take place behind closed doors and will not be visible to passers-by or to any person who has not voluntarily sought access to the establishment.

### City of Jacksonville Municipal Regulations

19.     "Dancing entertainment establishments" are defined by Chapter 151 of the City of Jacksonville Municipal Code ("Municipal Code"), which states:

151.103  Definitions.

(a) Dancing Entertainment Establishment means any establishment where during its hours of operation any worker wearing sexually provocative attire dances erotically and accepts any consideration, tip, remuneration or compensation  from or on behalf of a customer. A Dancing Entertainment Establishment shall not include any nightclub or restaurant where Dancing Entertainment Establishment activities do not occur, theater, concert hall, art center, museum, or similar establishment that is primarily devoted to the arts or theatrical performances as defined in Section 150.103 (Definitions), Ordinance Code. A Dancing Entertainment Establishment does not include any establishment defined or regulated in Chapter 150 (Adult Entertainment and Services Code), Ordinance Code

20.     Section 151.202 of the Municipal Code provides:

151.202    License required.

(a)  It shall be unlawful for any person to engage in, conduct or carry on, or permit to be engaged in, conducted or carried on in the City, the operation of a dancing entertainment establishment without having first obtained a license under this Chapter.

(b) Where a person lawfully operated a dancing entertainment establishment prior to this Chapter being adopted to require such person to obtain a license, such person shall have 45 days from the date of such adoption in which to apply for the license and may operate such business without a license for such time and until the Sheriff denies the request for a license pursuant to Section 151.206.

(c) Each licensed premises shall comply with and be subject to the placement and distance limitation requirements set forth in Part 11, Chapter 656, Ordinance Code. For purposes of these requirements, in every instance where  the term "adult entertainment or service facility" is used within Part 11, Chapter 656, it shall be replaced with and understood to mean "dancing entertainment establishment" as such term is set forth and defined in Section 151.103 (Definitions), Ordinance Code.

21.     Section 656.151(a) of the Municipal Code regarding certificates of use states:

Notwithstanding any ordinance to the contrary, and notwithstanding any prior legal status of any multi-family residence and business, any new multi-family residence or business or any changes in; use, name, ownership, expansion of square footage occupied, or the inclusion of additional uses after May 29, 2006, will require a certificate of use.

22.     Section 656.110(h) of the Municipal Code provides a grandfather exception as follows:

Certain Uses Grandfathered.

(h) Notwithstanding anything in this Chapter to the contrary, those persons holding approved zoning exceptions or any other form of written approval from any person or entity authorized to grant such approval, as determined

by the Planning and Development Department on a case-by-case basis, shall be authorized to continue their permitted use in accordance with the terms of their zoning       exception       or       other       form       of       written approval.

23.      Section 656.705 of the Municipal Code states:

656.705 Nonconforming Uses of Land (also land with minor structures only). Where, on September 5, 1969, or the effective date of an amendment to the Zoning Code, an unlawful use of land exists which would not be permitted by  the regulations imposed by the Zoning Code and where this use involves no individually, permanently fixed structure and land with minor structures only [for these purposes defined as a structure or structures whose just value does not exceed four thousand dollars], such use may be continued so long as it is not specifically made unlawful, impermissible or prohibited in the Zoning Code, the Charter or elsewhere in the Ordinance Code and there is stated an intent that such unlawful use shall be ceased by a date certain or upon the occurrence of some specified event; provided, however, that:
(a)  The nonconforming use shall not be enlarged, increased, intensified or extended to occupy a greater area of land than was occupied on September 5, 1969, or the effective date of the amendment to the Zoning Code.

(b) The nonconforming use shall not be moved in whole or in part to a portion of the lot or parcel other than that occupied by the use on September 5, 1969, or on the effective date of the amendment to the Zoning Code.

(c) If the nonconforming use ceases for any reason (except when governmental action impedes or denies access to the premises) for a period of 12 consecutive months for any residential use or six consecutive months for any nonresidential use, subsequent use of land shall conform to the regulations specified by the Zoning Code for the district in which the land is located.

(d)  No land in nonconforming use shall be divided so that more parcels of nonconforming lands are created nor shall a structure be added on the land except for purposes which are in conformity with the regulations of the district.



### Redevelopment of the Property

24.     Plaintiffs spent over $500,000 to redevelop the property, renovate the building and eliminate the city code violations and in addition, spent over $300,000 purchasing 4COP liquor licenses, as required by law.

25.     After completing substantial renovations and eliminating the city code violations, Plaintiffs, for a period of approximately five to six prior to May of 2014, opened their venue, Queen of Diamonds on the premises.

26.     The business on the property was subsequently shut down from approximately May of 2014 onwards.

27.     Plaintiffs intended to open a dance entertainment establishment after they received the certificate of use and the necessary and appropriate exemptions from the City's zoning ordinances.

28.     This intended use after the redevelopment was not an expansion of the previous use of the premises.

### Zoning Applications

29.     On or about January 24, 2014, Plaintiffs, along with the owner of the property, HI, LLC, applied for an exception, administrative deviation and administrative waiver allowed under the regulations of the applicable local zoning ordinance to permit the operation of a dance entertainment establishment and simultaneously serve alcoholic beverages for on-premises consumption.

30.     The three exceptions that Plaintiffs sought were as follows:

    a.  An exception under Section 656.313(A)(V)(c) to permit a dancing entertainment establishment to serve alcohol;

    b.  A waiver of the 1500 foot minimum distance requirement set forth in Section 656.805(c);and

    c.  An exception to reduce the number of parking spaces at the establishment from 297 to approximately180.

31.     Plaintiffs submitted all the documentation and maps required by Defendant to obtain these exceptions.

32.     The Staff Reports on these applications recommended approval of all three requests. *See* Report of Planning & Development Department Application for Zoning Exemption E-14-06 ("E-14-06 Report"), attached hereto as Exhibit A; Report of Planning & Development Department Application for Waiver of Minimum Distance Requirements for Liquor License Location WLD-14-02 ("WLD-14-02 Report"), attached hereto as Exhibit B; Report on Application for Administrative Deviation AD-14-01 ("AD-14-01 Report"), attached hereto as Exhibit C.

33.     The AD-14-01 Report found that all nuisance complaints related to the property had been resolved and recommended Approval. *See* Exhibit C.

34.     The E-14-06 Report noted that the property was already in compliance with the recommendations made by the Report and recommended approval of the application with two conditions, one related to landscaping and the other prohibiting pylon or pole signage. *See* Exhibit A.

35.     The WLD-14-02 Report similarly recommended that Plaintiffs' application for a waiver of the minimum distance requirement be approved without conditions. *See* Exhibit B.

36.     Plaintiffs' applications were finally heard on May 22, 2014 by the City Planning Commission.

37.     After hearing on May 22, 2014, all three of Plaintiffs' applications were denied. *See* Transcript of City of Jacksonville Planning Commission, dated May 22, 2014, attached hereto as Exhibit D, at p. 111,116-17.

38.     As a basis for the denial of the applications, the City stated that the anticipated use by Plaintiffs was inconsistent with the City's objectives for the area and characterized the anticipated use as "retro-development." See Exhibit D, p.111-18.

39.     An examination of the City of Jacksonville zoning records demonstrates that Plaintiffs' application file was altered in some fashion by Defendant.

40.     A review of the applications on Defendant's web portal demonstrates that zoning application was denied on February 27, 2014, three (3) months after the building department inspection and fire marshal inspections that occurred on December 6, 2013 and December 9, 2013 respectively.

41.     This denial came three (3) months prior to the May 22, 2014 hearing before the Planning Commission wherein the applications were denied.

42.     The Office of the Sheriff of Jacksonville had previously issued a license to Plaintiff to operate a dancing entertainment establishment pursuant to Chapter 151 of the Jacksonville Municipal Code.  See Dancing Entertainment Premises License #2014-26, attached hereto as Exhibit E.

43.     A zoning application must first be approved by the planning and zoning department before it is moved to the building department and then the fire marshal for their respective inspections.

44.     In 2015, Plaintiffs re-applied for the necessary exemptions to operate a dance entertainment establishment with the service of alcohol for on-premises consumption.

45.     These applications were heard by the Planning Commission on August 6, 2015.

46.     At the hearing, the Interim Chief of Current Planning for the City, Mr. Bruce Lewis, spoke in favor of permitting the exceptions and noted that the Staff Reports also recommended approval. *See* Transcript of City of Jacksonville Planning Commission Hearing, dated August 6, 2015, attached hereto as Exhibit F, at p.88-91.

47.     At the conclusion of the hearing, the Planning Commission denied Plaintiffs' applications. *See* Exhibit F, at p.133-34.

48.     Plaintiffs' applications were appealed to the city council and then remanded to the Planning Commission.

## Defendant acting under Color of State Law

49.     As a political subdivision of the State of Florida, organized and operating under the laws of the State of Florida, the City and its governing officials were, and are, acting under color of state law and authority in adopting and enforcing the zoning ordinances. The improper denial of the applications for exceptions to the zoning ordinances is an action taken under color of state law and constitutes state action within the meaning of 42 U.S.C. §1983. The laws and policies of the City have deprived and will continue to deprive Plaintiffs, their employees, performers, and patrons of rights guaranteed and protected by the First and Fourteenth Amendments to the UnitedStates Constitution.

## Attorneys' Fees

50.     Plaintiffs have retained undersigned counsel as their attorney to represent them in this action and have agreed to pay counsel a reasonable fee, which fee the City must pay pursuant to 42 U.S.C. §1989.

## COUNT I

### Temporary and Permanent Injunction

51.     Plaintiffs restate and re-allege paragraphs 1 through 50 as though fully set forth herein.

52.     This is an action for temporary and permanent injunctive relief brought under this Court's general jurisdiction and pursuant to the applicable portions of Title 28 of the United States Code.

53.     Plaintiffs have a clear legal right to provide non-obscene exotic entertainment to consenting adult patrons.

54.     Plaintiffs have otherwise complied with all zoning requirements set forth by the City's Municipal Code and submitted applications for the necessary exceptions in order to be permitted to operate a dance entertainment establishment with on-premises alcohol consumption.

55.     All three initial applications met with the approval of the City's Planning & Development Staff but were denied by the Planning Commission.

56.     The second set of applications were again recommended for approval by the Planning Commission staff and by the Interim Chief of Current Planning for the City, Mr. Lewis.

57.     The City continues to persist in delaying or outright denying Plaintiffs' applications and does so out of a dislike or distaste for the manner of speech and expressive conduct intended on the premises.

58.     Further, based upon the prior use of the property as a dancing entertainment establishment with the service of alcohol for on-premises consumption, under the Grandfather Clause (Mun. Code § 656.705), Plaintiffs should have been issued a certificate of use that conformed with the prior use and had their applications approved.

59.     The Defendant was aware that Plaintiffs intended to use the property as a dancing entertainment establishment because the City's Planning Department specifically noted this use on Plaintiffs' application. *See* Exhibit A, B,C.

60.     Further, the testimony of the May 22, 2014 Planning Commission hearing demonstrates that the City was not only aware of the prior continuous use as a dance entertainment establishment, but that Plaintiffs intended to continue that manner of usage. *See* Exhibit D, p. 114, l.7-11.

61.     Nonetheless, despite the applicability of the Grandfather Clause under Section 656.705 and the approval and recommendation by the Staff Reports, the City denied these applications. *See* Exhibit D, p.116-18.

62.     Defendant ultimately stated that the reason for the denial was because the use as a dancing entertainment establishment was a "retro-development" and at an "inappropriate" location. *See* Exhibit D, p. 114, l. 9; Exhibit F, p.108-09.

63.     This basis is without support based on the Municipal Code and facts of the present case, given that:

> a. the property had previously been a dance entertainment establishment for nearly 40 years;
>
> b. Plaintiffs were grandfathered in to the previous use by the plain operation of the Municipal Code and
>
> c. Plaintiffs otherwise made every effort to comply with the necessary legal requirements to obtain the requested exceptions.

64.     The City's denial of these applications, rather, was based upon the City's distaste or dislike of the speech that Plaintiffs anticipated would be conducted on the premises once the applications had been approved.

65. Such denial, based upon the content of the speech and the type of expressive dancing is an unlawful infringement and prior restraint upon Plaintiffs' free speech rights and those of their patrons and performers.

66. As further evidence of Defendant's discriminatory intent, the original applications by Plaintiffs records on Defendant's web portal show irregularities in the dates and order of events listed that are highly suggestive of an attempt to retrofit the denial of the application to a more non-discriminatory reason. *See* Exhibit E.

67. In particular, the application is listed as denied by the planning and zoning department three (3) months prior to the Planning Commission hearing, but several months after both Buildings and Fire Department inspections listed approval. *See* Exhibit E.

68. This sequence of events is completely out of order, given that the planning and zoning department must give its approval prior to the Buildings and Fire Department doing so.

69. Defendant now holds Plaintiffs' second set of applications in limbo without good cause.

70. Plaintiffs have suffered irreparable injury and continue to suffer irreparable injury as a result of said baseless denial of these applications and Plaintiffs have no plain, adequate, or complete remedy to protect its Constitutional rights and to redress the wrongs and illegal acts complained of, other than immediate and continuing injunctive relief.

71. Plaintiffs have no adequate remedy at law. In cases involving the loss of First Amendment rights, such as is here, damages are both inadequate and unascertainable.

72. Plaintiffs will be unable to engage in speech and expressive conduct that is clearly protected by the First Amendment to the United States Constitution and without facing the prospect of criminal prosecution for such activities should an injunction not issue. Deprivation of rights guaranteed under the Constitution is an irreparable injury for purposes of injunctive relief.

73. The injuries to Plaintiffs, should the Court not issue such an injunction exceed any potential harm to the City because Plaintiffs' injury is the loss of their Constitutional rights. Defendant will suffer no injury if it is prevented from suppressing Plaintiff's right to freedom of expression because there is no lawful interest in such suppression of speech.

74. The public interest would be served by the granting of injunctive relief.

WHEREFORE, Plaintiffs pray for the following relief:

A. That this Court take jurisdiction over the parties and this matter;

B. The entry of a temporary and permanent injunction forever enjoining Defendant and its agents and employees from denying or otherwise suppressing Plaintiffs' speech;

C. The award of Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

D. Any other relief in law and equity to which they may be entitled.

## COUNT II

### Temporary and Permanent Injunction

75.     Plaintiffs restate and re-allege paragraphs 1 through 50 as though fully set forth herein.

76.     The City's zoning restrictions and licensing requirements for Dancing Entertainment Establishments collectively constitute unreasonable time, place and manner restrictions upon Plaintiffs' First Amendment and Fourteenth Amendment rights.

77.     There is nowhere within the City where one can open a Dancing Entertainment Establishment as a matter of right. Even in the City's most intensive zoning classification of CCG-2, a zoning exception is required in order to open and operate a Dancing Entertainment Establishment.

78.     The City's zoning and licensing scheme constitutes an unconstitutional prior restraint. The zoning and licensing scheme has no clearly defined standards for when and where the Planning Commission should grant or should deny an exception application for a Dancing Entertainment. In essence the right to operate a Dancing Entertainment Establishment is left to the unbridled discretion of the Planning Commission and the City Council.

79.     The City's definition of attire which triggers the Dancing Entertainment Establishment criteria also constitutes an arbitrary and unlawful restraint upon expression.

WHEREFORE, Plaintiffs pray for the following relief:

    A. That this Court take jurisdiction over the parties and this matter;

    B. The entry of a temporary and permanent injunction forever enjoining Defendant and its agents and employees from denying or otherwise suppressing Plaintiffs' speech;

    C. Enter an Order declaring the City's zoning and licensing scheme for Dancing Entertainment Establishments to be unconstitutional, unenforceable and void;

    D. The award of Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

    E. Any other relief in law and equity to which they may be entitled.

## COUNT III

### Lost Business Opportunities

80. Plaintiffs restate and re-allege paragraphs 1 through 50 as though fully set forth herein.

81. As a result of the conduct of Defendant in denying Plaintiffs' applications and failing to grandfather in the intended use of the property for a dancing entertainment establishment with on-premises alcohol consumption, Plaintiffs have suffered pecuniary losses in excess of $75,000, as well as lost business opportunities from the failure of the property to be used in a manner that it was intended to be used.

82. These losses stem from income that would otherwise have been derived from the operation of a dance entertainment establishment at the premises.

83. Further, because of this lost income stream, Plaintiffs have had difficulty in remaining current in their lease obligations.

WHEREFORE, Plaintiffs, LAVERANUES COLES and TROUBLE LIVINLIFE,LLC pray for the entry of a preliminary and permanent injunction in their

favor prohibiting the Defendant from further suppressing Plaintiffs' speech and issuing the appropriate certificates of use and for a judgment in the amount in excess of $75,000 in damages, plus attorneys' fees and court costs against Defendant, the CITY OF JACKSONVILLE.

## DEMDAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury upon all matters at issue raised herein upon which they are entitled to a jury trial.

Respectfully submitted,

CHRISTOPHER W. WICKERSHAM JR., ESQ.
Florida Bar Number: 91703
LAW OFFICES OF C. W. WICKERSHAM JR., P.A.
Whiteway Building, Suite 205
2720 Park Street, Jacksonville, Florida 32205
(904) 389-6202 Telephone
(904) 389-6204 Facsimile
Email: pleadings@chriswickersham.com
*Counsel to Plaintiff, Laveranues Coles*

Amir R. Tahmassebi (#6287787, Illinois)
*(Pending admission pro hac vice)*
Konicek & Dillon, P.C.
21 West State Street
Geneva, Illinois 60134
(630) 262-9655
*Counsel to Plaintiff, Laveranues Coles*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – JACKSONVILLE DISTRICT

| | |
|---|---|
| LAVERANUES COLES, an Individual, and | ) |
| TROUBLE LIVIN LIFE LLC, a Florida Limited | ) |
| Liability Company, | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF JACKSONVILLE, a Florida Municipal | ) |
| corporation, | ) |
| | ) |
|       Defendant. | ) |

## INDEX OF EXHIBITS TO PLAINTIFFS' COMPLAINT

A.  Report of Planning & Development Department Application for Zoning Exemption E-14-06

B.  Report of Planning & Development Department Application for Waiver of Minimum Distance Requirements for Liquor License Application WLD-14-02

C.  Report on Application for Administrative Deviation AD-14-01

D.  Transcript of City of Jacksonville Planning Commission, dated May 22, 2014

E.  Dancing Entertainment Premises License #2014-26

F.  Transcript of City of Jacksonville Planning Commission Hearing, dated August 6, 2015